IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL SPRUILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-067 |
| | ) | |
| JACOB BEASLEY, Deputy Warden; OTIS | ) | |
| STANTON; LT ASHLEY; and SRG. | ) | |
| RYALS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding

*in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.  Because he is

proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.

Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x

733, 736 (11th Cir. 2006) (*per curiam*).

**I.    BACKGROUND**

Plaintiff names as Defendants: (1) Jacob Beasley, Deputy Warden; (2) Otis Stanton;

(3) LT Ashley; and (4) Srg. Ryals.  (Doc. no. 1, pp. 1, 3.)  Taking all of Plaintiff's factual

allegations as true, as the Court must for purposes of the present screening, the facts are as

follows.

On July 8, 2020, Deputy Warden Beasley placed Plaintiff in administrative

segregation Tier I because of a June 28, 2020 stabbing, despite no involvement by Plaintiff in

the stabbing.  (Id. at 5.)  On July 12, 2020, Deputy Warden Beasley confided to Plaintiff he knew Plaintiff was not involved in the incident but could not prove it.  (Id.)  On July 28, 2020, Srg. Ryals delivered Plaintiff an assignment memo and appeal form stating his placement in segregation resulted from a finding he participated in a disruptive event.  (Id. at 6.)  Plaintiff timely appealed the decision; however, Warden White denied the appeal.  (Id.)  On August 17, 2020, Plaintiff visited Augusta Medical for sharp pains in his knees and back.  (Id. at 7.)  When Plaintiff returned to TSP, he was placed on Tier II segregation, and some of his property was missing.  (Id. at 6.)  A disciplinary court punished Plaintiff by rescinding his store, package, and phone rights for ninety days.  (Id.)

On August 18, 2020, Plaintiff filed a grievance stating prison officials falsely accused him of participating in the stabbing.  (Id.)  Prison officials denied Plaintiff's prior attempts to file grievances.  (Id.)  That same day, Counselor Miller informed Plaintiff his grievances were denied.  (Id.)  On August 19, 2020, Plaintiff filed an appeal, which Defendant Stanton denied.  (Id.)  Plaintiff states the segregation status "could stop [him] from paroling out." (Id.)

On September 3, 2020 Plaintiff filed a grievance regarding his conditions of confinement since July 8, 2020, alleging pain and suffering due to long hours in his cell from segregation, consistent flooding of his cell, and improper sanitization.  (Id. at 7-8.)  Counselor Miller denied this grievance, and Plaintiff's appeal of that denial was still pending when he filed the Complaint.  (Id. at 3, 8.)

On September 9, 2020, Officer Pope moved Plaintiff to another one-man cell.  (Id. at 9.)  Plaintiff's new cell also suffers from consistent flooding.  (Id.)  Over the next week, Plaintiff informed several officers about the conditions, however no substantial efforts have

been made to fix the issue.  (Id.)  On September 16, 2020 Plaintiff slipped on water in his cell and injured himself.  (Id. at 10.)  LT Ashely checked on Plaintiff and asked him to get up so she could handcuff him and enter his cell.  (Id.)  Plaintiff could not get up, and LT Ashley refused to enter to provide help.  (Id.)  For relief, Plaintiff requests a transfer and monetary damages.  (Id. at 11.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has *arguably* stated a viable procedural due process violation claim. See Quintanilla v. Bryson, 730 F. App'x 738, 743 (11th Cir. 2018) (citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)) ("to make out a denial-of-procedural-due-process claim under § 1983 a plaintiff must establish three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process."); See also Sandin v. Conner, 515 U.S. 472, 484, 486 (1995) (finding liberty interest when assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Although, Plaintiff's complaint arguably states a viable procedural due process violation claim, Plaintiff appears to have been inspired by the writing of the Eleventh Circuit Court of Appeals.  In fact, Plaintiff's writing goes beyond mimicry to blatant copying of an Eleventh Circuit opinion.  Compare Quintanilla v. Bryson, 730 F. App'x at 740-742, with doc. no. 1, pp. 5-10.  In multiple paragraphs Plaintiff merely removes the name "Quintanilla" from the Eleventh Circuit opinion and replaces it with "I", without citing or crediting the Eleventh Circuit.  Further, multiple periods of correspondence between Plaintiff and prison

officials, while updated to a contemporary timeline, match the exact timeline described in the

<u>Quintanilla</u> opinion.

The Court cautions Plaintiff of the dangers in copying portions of another Court's work.  However, as the Court must take these allegations as true, Plaintiff's allegations sufficiently establish a claim for a procedural due process violation.

## II.    INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Deputy Warden Jacob Beasley, Otis Stanton and Srg. Ryals.  The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that the defendant waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P.  4(d)(3).  However, service must be effected within 90 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the

defendant or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.  The defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Loc. R. 41.1.  If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery.  See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery).  Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants.  See Fed. R. Civ. P. 33.  Interrogatories shall not contain more than twenty-five questions.  Id.  Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party.  Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

Plaintiff must maintain a set of records for the case.  If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion.  Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is

advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 16th day of December, 2020, at Augusta, Georgia.


BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA