IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL SPRUILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 320-067 |
| ) | |
| JACOB BEASLEY, Deputy Warden; OTIS ) | |
| STANTON; and SRG. RYALS, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED**, (doc. no. 31), a final judgment be entered in favor of Defendants, and this civil action be **CLOSED**.

**I.    PROCEDURAL BACKGROUND**

Plaintiff initially named four Defendants in his complaint, and because he is proceeding IFP, the Court screened the complaint and directed service of process on Deputy Warden Jacob Beasley, Otis Stanton, and Srg. Ryals, and dismissed LT. Ashley. (See doc. nos. 1, 8, 10.) The Court allowed Plaintiff to proceed on his due process violation claim against Deputy Warden Beasley, Stanton, and Srg. Ryals based on allegations of improper procedure leading to Plaintiff's confinement in the administrative segregation program.

(Doc. no. 8.)

On March 1, 2021, Defendants filed a first motion to dismiss, arguing Plaintiff failed to exhaust his administrative remedies by not filing grievances prior to filing his complaint. (See doc. no. 13.)  The Court denied Defendants' first motion to dismiss as Plaintiff was not required to file grievances to exhaust the applicable administrative remedies.  On May 18, 2021, Defendants filed a second motion to dismiss, again arguing Plaintiff failed to exhaust his administrative remedies.  (See doc. no. 20.)  The Court granted in part Defendant's second motion to dismiss as Plaintiff failed to exhaust his dispute over his initial placement in Tier I segregation, but he properly exhausted his claim for placement in Tier II segregation.  (Doc. no. 26.)  On April 11, 2022, Defendants filed a motion for summary judgment, arguing Plaintiff received full and proper procedure for his Tier II placement, and thus has no remaining due process claim.  (Doc. no. 31.)

When Defendants filed their motion for summary judgment, the Clerk issued a notice concerning the summary judgment motion and the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of failing to comply with the requirements for responding.  (See doc. no. 32.)  When plaintiff initially failed to respond, the Court again also explained the rights and requirements associated with responding and extended Plaintiff's time to respond to Defendants' motion.  (Doc. no. 33.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), are satisfied.[1]

---

[1] The Court also explained summary judgment motions, along with the rights and requirements associated with responding, in its December 16, 2020 Order.  (Doc. no. 8, pp. 5-6.)

In accordance with Local Rule 56.1, Defendants submitted a Statement of Material Facts ("SMF") in support of their summary judgment motion. (Doc. no. 31-5.) Because Plaintiff did not file a responsive statement, the Court deems admitted all portions of Defendants' statement having evidentiary support in, and not otherwise contradicted by, the record and which are not properly opposed by Plaintiff as contemplated under Federal Rule of Civil Procedure 56.[2] See Loc. R. 56.1; Fed. R. Civ. P. 56(e); see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (*per curiam*) (finding no error in deeming defendants' material facts admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objections); Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1373 n.1 (S.D. Ga. 2000) (same). Defendants continue to shoulder the burden of demonstrating the absence of any genuine issue of material fact, and the Court will review the entire record "to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009).

## II.   FACTUAL BACKGROUND

The events giving rise to this lawsuit occurred while Plaintiff was housed in TSP during the period of June 2020 to September 2020. (See generally Miller Aff.) At that time, Defendant Beasley was the Deputy Warden, Defendant Stanton was the Director of Field Operations, and Defendant Ryals was a sergeant.

---

[2]Federal Rule of Civil Procedure 56 requires a party disputing a fact to cite "to particular parts of materials in the record," and an affidavit or declaration used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1) & (4).

### A.   Events Giving Rise to Suit

Plaintiff alleges the following facts in his complaint signed on September 17, 2020. On July 8, 2020, Deputy Warden Beasley placed Plaintiff in Tier I administrative segregation in response to a June 28, 2020 stabbing, despite no involvement by Plaintiff in the stabbing. (Doc. no. 1, p. 5.) On July 12, 2020, Deputy Warden Beasley confided to Plaintiff he knew Plaintiff was not involved in the incident but could not prove it. (Id.) On July 28, 2020, Srg. Ryals delivered Plaintiff an assignment memo and appeal form stating his placement in segregation resulted from a finding he participated in a disruptive event. (Id. at 6.) Plaintiff timely appealed the decision; however, Warden White denied the appeal. (Id.) On August 17, 2020, Plaintiff visited a medical clinic for sharp pains in his knees and back. (Id. at 7.) When Plaintiff returned to TSP, he was placed on Tier II segregation, and some of his property was missing. (Id. at 6.) A disciplinary court punished Plaintiff by rescinding his store, package, and phone rights for ninety days. (Id.)

On August 18, 2020, Plaintiff filed a grievance stating prison officials falsely accused him of participating in the stabbing. (Id.) Prison officials denied Plaintiff's prior attempts to file grievances. (Id.) That same day, Counselor Miller informed Plaintiff his grievances were denied. (Id.) On August 19, 2020, Plaintiff filed an appeal, which Defendant Stanton denied. (Id.; doc. no. 17, p. 8.) Plaintiff states the segregation status "could stop [him] from paroling out." (Doc. no. 1, p. 6.)

On September 3, 2020, Plaintiff filed a grievance regarding his conditions of confinement since July 8, 2020, alleging pain and suffering due to long hours in his cell from segregation, consistent flooding of his cell, and improper sanitization. (Id. at 7, 8.)

4

Counselor Miller denied the grievance, and Plaintiff's appeal of that denial was still pending when he filed the Complaint. (Id. at 3, 8.)

### B. Defendants' Undisputed Tier II Procedural Facts

On August 19, 2020, the Classification Committee recommended Plaintiff's assignment to Administrative Segregation – Tier II Restrictive Housing. (Doc. no. 31-5, p. 3.) On August 20, 2020, the Warden approved the committee's recommendation. (Id.) Tier II Counselor Miller reviewed the recommendation and orders of placement and ensured the Incident/Disciplinary Report matched the reason for Plaintiff's placement into Tier II Housing. (Id.) Miller informed Plaintiff of the Tier II assignment and Plaintiff acknowledged receipt of the Assignment Memo on August, 20, 2020. (Id.) Within the permissible time period, Plaintiff appealed the assignment and delivered the appeal to Miller. (Id.) Miller submitted the appeal to Defendant Stanton for ruling. (Id.) Upon review of the appeal documents and the corresponding facility documentation, Defendant Stanton found Plaintiff met the criteria for Tier II placement and denied the appeal on August 24, 2020. (Id. at 3-4.) Plaintiff received notification of his appeal's denial. (Id.)

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

5

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*).  On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Id. at 608.  The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint.  Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).  Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56.  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59).  A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.

    **B.**    **Defendants Are Entitled to Summary Judgment**

        **1. Legal Framework for Procedural Due Process**

Section 1983 claims for denial of procedural due process require three elements: "(1) a

deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Quintanilla v. Bryson, 730 F. App'x 738, 743 (11th Circ. 2018) (quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003).

A liberty interest protected by the Fourteenth Amendment may arise from the Due Process Clause itself, or state law may create a liberty interest. See Sandin v. Conner, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). Al-Amin v. Donald, 165 F. App'x 733, 738 (11th Cir. 2006). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying or penal system." Id. at 485, 115 S. Ct. at 2301 (citations, quotation marks, and alteration omitted). The Eleventh Circuit has held that the due process clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters." Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (quoting Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983).

Procedural due process calls for "such procedural protections as the particular situation demands." Gilbert v. Homar, 520 U.S. 924, 930 (1997). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 334 (1976). A prisoner must "receive some notice of the charges against him and an opportunity to present his views," whether at a hearing or in writing. Hewitt v. Helms, 459 U.S. 460, 476 (1983). A procedural due process violation is not complete unless and until the state fails to provide process. McKinney v. Pate, 20 F. 3d 1550, 1557 (11th Cir. 1994).

### 2. Administrative Segregation Procedures for Tier Segregation

The procedure for involuntary assignments to administrative segregation is covered by SOP 209.06-209.09, Administrative Segregation.[3] Under the Administrative Segregation Procedures, upon an initial placement in administrative segregation, the Deputy Warden, Assistant Superintendent, Unit Manager, or Duty Officer shall determine within twenty-four hours whether the offender shall remain in segregation. (Doc. no. 20-2, SOP 209.06 § IV(E)(2).) The Classification Committee must hold a hearing, within ninety-six hours of the Deputy Warden, Assistant Superintendent, Unit Manager, or Duty Officer's decision, to determine if the offender should remain in administrative segregation. (Id. § IV(F).) Offenders have three business days to file an appeal with the Warden or Superintendent challenging the Classification Committee's decision, and the Warden or Superintendent's decision is final. (Id. § IV(F)(4).)

Offenders in administrative segregation may be assigned to Tier II segregation, upon recommendation by the Classification Committee and subsequent approval by the Warden. (SOP 209.08 § IV(C)(1)-(4).) Within three business days, offenders may appeal the Warden's decision placing them in the Tier II program to the Director of Field Operations, and the Director's decision is final. (Id. § IV(C)(6).) There are no additional levels of review, nor are there any procedures for when an appeal is filed but no response is given. (See id.)

---

[3] A list of all GDC SOPs can be found at http://www.dcor.state.ga.us/content/facilities-division-0

### 3. Plaintiff Received Constitutionally Adequate Process

For Plaintiff to succeed on a Due Process claim under Section 1983, Plaintiff must show three elements: "(1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Quintanilla, 730 F. App'x 738, 743. Even assuming satisfaction of the first two elements, the undisputed facts show Plaintiff's claim fails to satisfy the third element because he received constitutionally adequate process. (Doc. no. 1, p. 5-6.)

On August 17, 2020, the Classification Committee conducted a hearing regarding placement of Plaintiff in Tier II segregation. (Doc. no 31-1, p. 25)  The Classification Committee recommended Plaintiff's placement in Tier II segregation for the same reasons as his initial Disciplinary Report that led to his placement in Tier I segregation. (Id.; Miller Aff. p. 4.)  Plaintiff received an assignment memo and an appeal form. (Doc. no 31-1, p. 26-27; Miller Aff. p. 4.)  When Plaintiff appealed the conditions of his Tier II segregation, his appeal was denied after Defendant Stanton found Plaintiff met the criteria for Tier II segregation. (Id.)  Plaintiff thus appealed his placement into the Tier II segregation program, his appeal was reviewed by the appropriate prison officials, and Plaintiff received notice of the denials. (Id.)

Plaintiff completed the full procedure available in the Georgia Department of Corrections, and this process is constitutionally sufficient. See Nolley v. Warden, Macon State Prison, 820 F. App'x. 845, 856-57 (11th Cir. 2020) (affirming summary judgment and noting GDC SOP compliance with due process requirements of informing of charges, written notice, and opportunity to present evidence); see also Traylor v. Danforth, 2022 WL 604184 at *6 (S.D. Ga. February 1, 2022) 2022 WL 599310 (S.D. Ga. February 28, 2022), *adopted by* 2022 WL 599310 (S.D. Ga. February 28, 2022) (holding notification of Classification Committee's

9

recommendation and opportunity to appeal satisfied due process standards of Quintanilla and Hewitt).  Accordingly, summary judgment to Defendants is proper.

### C. Qualified Immunity and Damages under the PLRA

The Court need not address Defendants' qualified immunity and damages arguments because Defendants are entitled to summary judgment on the merits of Plaintiff's due process claim.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED**, (doc. no. 31), a final judgment be entered in favor of Defendants, and this civil action be **CLOSED**.

SO REPORTED and RECOMENEDED this 1st day of August, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA